UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. DANIELS, | No. C 07-618 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| ALAMEDA COUNTY SHERIFF'S DEPT., | |
| Defendant. | |

## INTRODUCTION

James C. Daniels, formerly an inmate at the Alameda County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

In his complaint, Daniels alleged that he was attacked by his cellmate, apparently while he was in the Alameda County Jail. Daniels alleged that the attacking cellmate "was classified Triple CMS [i.e., a designation of a need for mental health care] and should have been segregated from normal inmates." Complaint, p. 3. The lone defendant is the Alameda County Sheriff's Department. The complaint stated that Daniels did not exhaust his administrative remedies as to his claim before filing this action. Id. at 2.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint does not state a claim for relief under 42 U.S.C. § 1983. It has several problems and must be amended.

First, Daniels did not allege whether he was a pretrial detainee or a convict at the time of the incident alleged in his complaint. His status matters because it affects the constitutional provision under which his claim arises: a pretrial detainee's claims about conditions of confinement arise under the Fourteenth Amendment's Due Process Clause, while a convict's claims arise under the Eighth Amendment's Cruel and Unusual Punishment Clause. Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees). The appropriate standard for evaluating constitutional claims brought by pretrial detainees is the same one used to evaluate prisoners' claims under the Eighth Amendment. "The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons." Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (citation omitted). See, e.g., Carnell, 74 F.3d at 979 (standard of deliberate indifference

applicable to pretrial detainees' medical claims); Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995) (placement of pretrial detainees in safety cells actionable under Due Process Clause only if prison officials act with deliberate indifference). In his amended complaint, Daniels should identify whether he was a pretrial detainee or a convict at the time of the incident.

Second, Daniels apparently wants to hold jail officials liable for the beating he received from another inmate but his complaint has no allegations showing a basis to hold them liable. Jailers are not absolute guarantors of inmate safety; the Constitution requires that they not act with deliberate indifference to a known risk of harm. For example, jail officials have a duty to protect inmates from violence at the hands of other inmates. See Farmer v. Brennan, 511 U.S. 825, 833 (1994); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). An inmate may state a § 1983 claim against jail officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another inmate. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). A jail official is deliberately indifferent if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. See Farmer, 511 U.S. at 837, 844. In his amended complaint, Daniels may attempt to allege that jail officials knew of a risk of attack by the cellmate and acted with deliberate indifference to it.

Third, the allegations are not sufficient to hold the defendant liable. Daniels did not name as defendants any individual deputies who might be liable under a deliberate indifference theory and named only the Alameda County Sheriff's Department. He apparently is proceeding on a theory that Sheriff's Department automatically would be responsible for any misdeed committed by a deputy it employed, but that is a respondeat superior theory which is not allowed in a § 1983 action. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); however, a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see Board of

3

County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that the policy amounted to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy was the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). If Daniels wants to proceed against the Alameda County Sheriff's Department, he must amend to allege a municipal liability claim against it. It is not enough to allege merely that the Sheriff's Department employed persons who violated his constitutional rights.

If Daniels wants to add as defendants individual persons who violated his constitutional rights, he may do so. To do so, he should name each person who violated his constitutional right(s), describe what each person did to violate his right(s), state where the violation occurred, and when the violation occurred. If he adds several defendants, he should not refer to them as a group, i.e., "the defendants;" rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). His amended complaint should include the address and position (if known) of each individual defendant so that service of process may be made on the defendant.

Fourth, it appears that Daniels may not have exhausted his administrative remedies before filing this action. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Nonexhaustion under § 1997e(a) is usually an affirmative defense, but a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Daniels alleged in his complaint that he did not exhaust the administrative remedies at the

4

highest level of appeal available to him and wrote "verbal grievance" as the explanation for why he did not so. Complaint, p. 2. Daniels needs to explain that answer in his amended complaint, such that he either shows that he has exhausted administrative remedies or that there is an exception to the exhaustion requirement that applies to him.

## CONCLUSION

The complaint is DISMISSED with leave to amend. The amended complaint must be filed no later than **October 5, 2007** and cure all the deficiencies identified in this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to timely file the amended complaint will result in the dismissal of this action.

The motion to proceed in forma pauperis is GRANTED. (Docket # 3.)

Processing of this action has been delayed because Daniels did not keep the court informed of his current address. He is cautioned that he must file a "notice of change of address" informing the court each time his address changes.

IT IS SO ORDERED.

Dated: September 4, 2007

_____
SUSAN ILLSTON
United States District Judge

5